PONG AN LIM *v.* READY-MIX CONCRETE COMPANY, LIMITED, AN HAWAIIAN CORPORATION.

NO. 2826.

ARGUED MARCH 28, 1952.     DECIDED APRIL 10, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This is an action in tort to recover damages for personal injuries. The case was tried jury waived. Upon conflicting evidence, the trial judge found for the defendant on the ground that plaintiff failed to prove negligence on the part of defendant's employee.

On August 10, 1943, plaintiff was a civilian employee of the United States Navy, working upon certain defense construction work at Aiea, Oahu, Territory of Hawaii. The crew of which plaintiff was a member was engaged in construction of a cement manhole of approximately six feet by six feet. The wooden frame had been placed in a pit or hole, the edge of the hole extending several feet beyond the wooden frame. Plaintiff was ordered by one of the civilian employees of the United States Navy and the foreman of the crew with which he was working to go up on the said wooden frame and steer the spout through which the cement was to be furnished by the defendant company from the defendant's truck. Plaintiff, complying with such order, placed himself at the corner of the frame.

A truck belonging to the defendant company, driven by its agent and employee, arrived and stopped about fifteen feet from the hole; the spout to pour the cement was affixed to the defendant company's truck. The foreman of the construction company instructed the driver of the truck to back up, explaining he would signal as to the distance it was necessary to back so that the spout attached to the truck would reach the form. The foreman stood at the side and rear of the truck and gave signals for backing the truck, the signals being given by voice and gestures to indicate distance. The defendant company's driver backed the truck and then stopped; as the spout had not reached the form, the foreman gave a signal to the driver to back up two feet further.

There is some dispute as to how far the defendant's driver backed the truck. The driver himself testified that as he started up, immediately the earth surrounding the form gave way and his truck wheels went in so that the rear portion of the truck sank into the pit, crushing plaintiff between the rear of the truck and the wooden frame and severely injuring and permanently disabling plaintiff. Plaintiff's witnesses testified that the driver exceeded the two feet back up indicated. However, plaintiff's main witness, the foreman in charge, gave a statement after the accident in which he contradicts the testimony given by him on the witness stand as to how far the defendant backed the truck before the cave-in occurred.

Evidence on the issue of negligence was very meager and unsatisfactory. However, the trial judge resolved that issue on conflicting evidence in favor of the defendant, finding that the foreman of the construction crew of which plaintiff was a member was negligent rather than the defendant's driver. This court has held many times that the decision of a trial judge on jury-waived cases has the same standing as the verdict of a jury and will not be disturbed

on conflicting evidence where more than a scintilla of evidence supports it. In this case, the judgment is supported by more than a scintilla of evidence.

Judgment affirmed.

*H. Y. C. Choy* (*Fong, Miho & Choy* on the brief) for plaintiff in error.

*T. M. Waddoups* (*Robertson, Castle & Anthony* with him on the brief) for defendant in error.